ELLERMAN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, November 3, 1903.**

Street Railways: UNAVOIDABLE ACCIDENT. The evidence showed that while plaintiff's wagon wheel had caught in defendant's track, the motorman discerning plaintiff's peril did all in his power to stop his car and avoid the collision, but owing to the wet and slippery condition of the rails, he was unable to do so. *Held,* peremptory instruction for defendant should have been given.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1) Defendant's demurrer to all the evidence should have been sustained. Moore v. Railway, 75 S. W. 672; Hill v. Wilkins, 4 Mo. 88; Ellerby v. Bank, 109 Mo. 445; Bartley v. Railroad, 148 Mo. 124; Havens v. Railroad, 155 Mo. 223; Emmons v. Quade, 75 S. W. 103; Zurfluh v. Railway, 46 Mo. App. 626; Molineux v. Railway, 81 Mo. App. 25; Cogan v. Railway, 73 S. W. 738; Miller v. Railroad, 164 Mo. 180; Waldhier v. Railroad, 71 Mo. 514; Gurley v. Railroad, 93 Mo. 445; Harty v. Railroad, 95 Mo. 368; Yarnell v. Railroad, 113 Mo. 570; Hite v. Railway, 130 Mo. 132; McManamee v. Railroad, 135 Mo. 440; Raming v. Railroad, 157 Mo. 477; Feary v. Railroad, 162 Mo. 75; Jacquin v. Cable Company, 57 Mo. App. 320.

*Henry A. Hamilton* and *Henry A. Higginbotham* for respondent.

(1) On demurrer to the evidence, every reasonable intendment in favor of plaintiff to be drawn from the evidence offered by him, must be indulged, and the evidence introduced in his behalf regarded as absolutely true. Gratiot v. Railroad, 116 Mo. 450; Buckley v. Kansas City; 156 Mo. 16; Pauck v. St. Louis Beef & Provision Co., 159 Mo. 467; Moore v. St. Louis Transit Co., 75 S. W. 699; McLain v. Railroad, 73 S. W. 909; Steube v. Iron & Foundry Co., 85 Mo. App. 640. (2) A person who negligently places himself in a perilous position is still entitled to recover for an injury, if the defendant saw his danger, or could, by the exercise of reasonable care, have seen it, and prevented the injury. Klockenbrink v. Railroad, 81 Mo. App. 351; affirmed, 72 S. W. 900; Noll v. St. Louis Transit Co., 73 S. W. 907; Conrad Grocer Co. v. Railroad, 80 Mo. App. 391; Sonnenfield v. Railroad, 59 Mo. App. 668; Reed v. Railway, 50 Mo. App. 504; Karle v. Railroad, 55 Mo. 476; Fiedler v. Railway, 107 Mo. 645; Bunyan v. Railway, 127 Mo. 12; Hutchinson v. Railroad, 161 Mo. 246; Shafstette v. Railroad, 74 S. W. 826; Bindbeutel v. Railroad, 43 Mo. App. 463.

BLAND, P. J.—After alleging plaintiff's two-horse coal wagon was being driven by plaintiff's employee east on Market street, in the city of St. Louis the petition charges ''that while said wagon and team was moving along Market street at the time, place and in the manner aforesaid, the defendant, by its agents and servants managing its said railway and in charge of one of its cars thereon, so negligently and carelessly managed and controlled said car and the machinery and appliances therefor, as to cause and suffer said car to collide with the front wheel of said wagon, and thereby caused the tongue of said wagon to swing around and throw one of the horses, hitched to said wagon and be-

longing to plaintiff, down and against said car and by
reason of the negligence and carelessness of defendant
said horse was badly injured and cut upon the leg." It
then alleges the injury and resulting damages for which
judgment was prayed.

The evidence is that Market street is a wide street;
that where the injury complained of occurred there is
but one railway track and that in the center of the
street.

Plaintiff's driver testified, in substance, that when
he arrived near the intersection of Ewing avenue and
Market street (traveling east on the south side of Mar-
ket street) there was a wagon standing on the south
side of the street and he drove around it; that he then
observed a buggy driven by some ladies coming west
on the same side of the street, and to make room for the
buggy he pulled his team still further north and drove
astride the track; that he then looked east and saw a
car about a block away traveling west and coming to-
ward him; that he then pulled his horses southward
to drive off the track, but in attempting to do so the fore
wheel of his wagon became fastened between the south
rail of the track and the granite, and his team was un-
able to extricate it; that when he found himself in this
situation he looked east and saw the car was slowing
up and thought that it would stop before it reached the
wagon, but it kept coming on slowly and when it was
within thirty or forty feet of him the motorman halloed,
"Lookout!" that he then jumped off his wagon and
the car came on and struck the fore wheel of his wagon,
pushing the wagon back and causing the lead horse to
fall under the car, cutting one of his legs badly just
above the hoof causing him to be lame for sometime
thereafter.

On the part of the defendant, the evidence tends to
show that cars run but one way (west) on that portion
of Market street where there is a single railway track;
that there is a considerable down grade for a block east

of the point where the wagon was struck and that just before the collision, a sprinkling wagon had passed over the street and left the rails in a wet and slippery condition; that as soon as the wagon stuck in the track, the motorman in charge of the car observed the situation, reversed the power and turned on the brakes to stop the car; that the car slowed up and was moving very slowly when it struck the wagon, but on account of the wet and slippery condition of the track it was impossible to bring it to a standstill before it collided with the wagon.

The verdict was for the defendant, but the court granted a new trial on the ground that the judge was of the opinion he had committed an error in giving certain instructions. From the order granting a new trial defendant appealed.

The evidence of the motorman in charge of the car is clear and positive that, after discovering the perilous situation of the wagon and team, he did all in his power to avert the collision. He is corroborated by a passenger aboard the car at the time, and by plaintiff's driver, the only witnesses to the accident offered by the plaintiff. All the evidence is to the effect that the motorman was not guilty of any negligence, but on the contrary did all in his power and used all the means at his command to stop the car to avoid the collision. The uncontradicted evidence is that there was no negligence on the part of the motorman, hence the plaintiff absolutely failed to make out a case entitling him to go to the jury and defendant's instruction offered at the close of the evidence, in the nature of a demurrer to the evidence, should have been given. This view of the evidence makes it unnecessary to notice the instructions given which the court thought were erroneous.

The judgment is reversed and the cause remanded with directions to the trial court to set aside the order granting a new trial, overrule the motion therefor and render judgment on the verdict of the jury. *Reyburn* and *Goode, JJ.,* concur.